UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LYNETTE GAUSS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-02864-X |
| | § | |
| PSP DALLAS LP, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant PSP Dallas LP's ("PSP") motion to dismiss plaintiff Lynette Gauss's complaint [Doc. No. 18]. PSP argues that the complaint should be dismissed based on Gauss's failure to comply with the applicable statute of limitations and to timely serve the defendant. Gauss filed no response to this motion. After careful consideration, and for the reasons explained below, the Court **GRANTS** PSP's motion to dismiss.

### I.     Background

This suit arises from PSP's alleged employment discrimination against Gauss violative of Title VII and the Age Discrimination in Employment Act. According to Gauss, she received her Notice of a Right to Sue from the Equal Employment Opportunity Commission ("EEOC")—a prerequisite to filing suit—on June 19, 2020. Under the applicable requirement to file suit within ninety days of receipt of the right to sue,[1] Gauss had until September 17, 2020 to file suit. Gauss filed suit on

---

[1] 29 U.S.C. § 626(e).

1

September 15, 2020, but against the wrong defendant. This wrong defendant, Pet Supplies Plus Holdings LLC, informed the Court that it had advised Gauss that she had sued the wrong defendant in its December 31, 2020 motion for an extension of time to file a responsive pleading to the original complaint.[2] Despite receiving notice that she had sued the wrong defendant, Gauss waited another three months to file an amended complaint that named PSP, rather than the original defendant Pet Supplies Plus Holdings LLC.[3]

After a long period of apparent inactivity from the parties and no appearance from PSP, on September 9, 2021, the Court ordered Gauss to move for an entry of default against PSP under Local Rule 55.3.[4] But, noting that Gauss had not filed a certificate of service on PSP, the Court also ordered that if Gauss had failed to serve PSP, she must show cause for her failure to do so.[5] The Court warned Gauss that a failure to show cause might result in a dismissal for a want of prosecution.[6]

Gauss had in fact not served PSP at the time of the Court's order, but, rather than attempting to show cause, she simply filed a certificate of service, which indicated that she had finally served PSP on September 21, 2021.[7] According to PSP, they did not have notice of this lawsuit until that time.[8] As her purported response

---

[2] Doc. No. 6 at 1.

[3] Doc. No. 10.

[4] Doc. No. 12.

[5] *Id.*

[6] *Id.*

[7] Doc. No. 13 at 2.

[8] Doc. No. 19 at 4.

2

to the Court's order to show cause, Gauss also filed a Rule 41(a) notice of voluntary dismissal of the original, incorrect defendant Pet Supplies Plus Holdings LLC, simply explaining that Pet Supplies Plus Holdings LLC was "not a proper party" and that its dismissal was appropriate.[9] In her three-sentence-long notice, Gauss did not mention the untimely nature of service on PSP, nor did she in any way attempt to show cause for her failure to timely serve.[10]

Shortly thereafter, PSP filed its present motion to dismiss Gauss's amended complaint, which is based on Gauss's failure to timely sue PSP and effectuate service on it. Gauss filed no response to this motion, nor has she taken any steps whatsoever to explain or otherwise address these issues despite the Court's order and warning and PSP's subsequent motion to dismiss.

## II.   Legal Standards

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[11] A claim is plausible when it "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged,"[12] which requires "more than a sheer possibility that [the] defendant has acted unlawfully."[13] "[A] formulaic recitation of the elements of a cause

---

[9] Doc. No. 14.

[10] *See id.*

[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[13] *Id.*

3

of action will not do."[14]  And the pleading must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[15]  The court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[16]  "A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling."[17]

### III.  Analysis

According to Gauss, she received her EEOC "Right to Sue" letter on June 19, 2020.  Based on the relevant 90-day statute of limitations, this gave Gauss until September 17, 2020, to file suit.  As explained above, Gauss did file suit before this deadline, but not against PSP.  Gauss only amended her complaint to sue PSP on March 1, 2021—despite having notice that she had initially sued the wrong entity as of December 31, 2020 at the latest.  By this point, the statute of limitations had long expired.  Under Federal Rule of Civil Procedure Rule 15(c), however, when certain conditions are satisfied, the date of filing of an amended complaint for statute of limitations purposes is the day that the original complaint—rather than the subsequent amendment—was filed.

---

[14] *Id.* (cleaned up).

[15] *Id.*

[16] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (cleaned up).

[17] *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014).

Under the portion of Rule 15(c) relevant here, Gauss's amended complaint would relate back if (1) the law that provides the applicable statute of limitations allows relation back; (2) the basic claim in the amended complaint arises out of the conduct set forth in the original proceeding; (3) the party to be brought in through the amended complaint received notice such that it will not be prejudiced in defending on the merits; and (4) the party added by the amendment knew or should have known that, but for a mistake concerning identity, the action would have been brought against it.[18] The third and fourth requirements must have been fulfilled within the period provided by Rule 4(m) for serving the summons and complaint, or 90 days.[19]

The defendants do not contest that elements (1) and (2) are satisfied here.[20] But they argue that elements three and four were not satisfied within the 90 days after Gauss filed the amended complaint as required. After all, Gauss did not serve PSP until 205 days after filing her amended complaint. And, according to PSP, it had no notice of this suit until it was finally served,[21] and Gauss filed no response to PSP's motion or in any other way contested PSP's asserted lack of prior notice. PSP also argues—again, without any protestation—that it would be severely prejudiced by Gauss's delays if this suit were now to move forward, as PSP "has not had the opportunity to timely investigate [Gauss's] claims, interview witnesses, or to preserve

---

[18] *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998).

[19] Fed. R. Civ. P. 15(c)(1)(C); Fed R. Civ. P. 4(m).

[20] *See* Doc. No. 19 at 5.

[21] *Id.*

evidence, and memories of the alleged incidents have inevitably faded."[22]  So, the necessary elements of Rule 15 are not satisfied, meaning the amended complaint does not relate back to the original complaint, and dismissal of Gauss's amended complaint is appropriate for her failure to comport with the applicable statute of limitations.[23]

PSP also argues that dismissal is appropriate under Rule 4(m) itself, which requires that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Upon a showing of good cause for failure to timely serve, "the court must extend the time for service for an appropriate period."  As described above, Gauss has not even attempted to show cause despite the Court's order to do so and PSP's motion to dismiss on these grounds.  So, Rule 4(m) itself is an independent basis for dismissing Gauss's claims.

Accordingly, the Court **DISMISSES WITH PREJUDICE** Gauss's amended complaint.

**IT IS SO ORDERED** this 2nd day of June, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[22] *Id.*

[23] 29 U.S.C. § 626(e).